IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK TEMPLETON,

    Petitioner,    Civil No. 05-773-CO

    v.    FINDINGS AND RECOMMENDATION

STATE OF OREGON,

    Respondent.

COONEY, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence dated June 14, 1991, from Umatilla County Circuit cases No. 91-0151 and 91-0152, after convictions for Murder and Conspiracy to Commit Murder. Following pleas of no contest and guilty, respectively, the trial court sentenced petitioner to life imprisonment, with a ten-year minimum on the Murder conviction and to 20 years imprisonment, with a ten-year

1 - FINDINGS AND RECOMMENDATION

minimum, on the Conspiracy to Commit Murder conviction. The court ordered the sentences to be served consecutively.

Petitioner directly appealed his convictions, but subsequently moved to dismiss the appeals, The appellate judgment dismissing the appeals were issued on April 24, 1992.

On July 24, 1991, petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court Case No. CV 920672, but the court denied relief. The Oregon Court of Appeals affirmed without opinion. <u>Templeton v. Baldwin</u>, 134 Or.App. 415 (1995), and the Oregon Supreme Court denied review. The appellate judgment issued on June 24, 1996.

On July 25, 2003, petitioner filed a civil complaint against various state circuit court judges in Umatilla County Circuit Case No. 03C0953, but the court dismissed it. The Oregon Court of Appeals dismissed the appeal for lack of prosecution and the Oregon Supreme Court denied review. The appellate judgment issued on March 25, 2005.

On February 16, 2005, petitioner filed a successive petition for post-conviction relief in Umatilla County Circuit Case No. CV050201, but the court dismissed it on its own motion. An appeal of the dismissal is pending before the Oregon Supreme Court. <u>See</u>, Respondent's Exhibit. (Exhibit 110).

28 U.S.C. § 2254(b)(1)(A) provides that an application

for writ of habeas corpus "shall not be granted" unless it appears that the applicant has exhausted the remedies available in the courts of the state. See, Rose v. Lundy, 455 U.S. 509 (1982); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); see also, Engle v. Isaac, 456 U.S. 107 (1982); Noltie v. Peterson, 9 F.3d 802 (9th Cir. 1993) [petitioner's must properly exhaust their claims by presenting them to the state's highest appellate court even if doing so appears futile].

If the state remedies for a habeas petitioner's claims are not exhausted when his federal petition is filed, the district court should dismiss the petition. Coleman v. Thompson, 501 U.S. 722 (1993); see also, James v. Borg, 24 F.3d 20 (9th Cir. 1994); Brown v. Mass, 11 F.3d 915 (1993).

Petitioner's pending state court proceeding constitutes an unexhausted state remedy. Therefore, petitioner's petition should be dismissed without prejudice. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, supra; James v. Borg, supra.

In Jefferson v. Budge, __ F.3d __, No. 03-16932 (9th Cir. August 16, 2005), the Ninth Circuit Court of Appeals held that a District Court should not dismiss a petition that includes exhausted and unexhausted claims without giving the petitioner the choice of either 1) returning to state court to exhaust

3 - FINDINGS AND RECOMMENDATION

his claims, or 2) amending or resubmitting the habeas petition to present only exhausted claims to the District Court. In the proceeding before this court, petitioner's petition may include exhausted claims. However, for the reasons set forth below, it is not necessary to afford the petitioner the choice dictated by the Ninth Circuit in Jefferson v. Budge.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to provide for the first time, a limitation period for filing federal habeas corpus petitions. Under amended § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition. The AEDPA became effective on April 24, 1996. Any federal habeas petitioner whose direct appeal became final before the effective date of the amendments had until April 24, 1997, to file a federal habeas petition (excluding any time during which a state post-conviction case was pending. Calderon v. Central District of Claifornia, 112 F.3d 386 (9th Cir. 1997) and Calderon v. Central District of California, 127 F.3d 782 (9th Cir. 1997).

As noted above, petitioner directly appealed his convictions, but the Oregon Court of Appeals dismissed the appeals on petitioner's motions. The appellate judgments issued on April 24, 1992. Thus, petitioner had one year from April 24, 1996, excluding any time during which a sate post-

conviction case was pending, to file a federal habeas corpus petition.

On July 24, 1992, petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court Case No. CV920672, but the court denied relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on June 24, 1996.

On July 25, 2003, petitioner filed a civil complaint against various circuit court judges in Umatilla County, but the court dismissed it. The Oregon Court of Appeals dismissed the appeal for lack of prosecution and the Oregon Supreme Court denied review. The appellate judgment issued on March 25, 2005.

On February 16, 2005, petitioner filed a successive petition for post-conviction relief in Umatilla County Circuit Court, but the court dismissed it on its own motion. As discussed above, an appeal of that judgment is presently pending before the Oregon Court of Appeals.

Between June 24, 1996, the date on which the appellate judgment issued in petitioner's original post-conviction appeal, and May 27, 2005, the date on which the petition in this proceeding was filed, 3,159 days accrued. Alternatively, if the time is tolled during the period that petitioner

5 - FINDINGS AND RECOMMENDATION

litigated his state civil action, which he filed on July 25, 2003, and which overlapped the filing of his (pending) successive petition, 2,587 days accrued. Under either calculation petitioner has far exceeded the 365 day statute of limitations applicable to federal habeas corpus petitions.

Petitioner's Petition (#6) should be denied with prejudice on the grounds it was not filed within the limitations period. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or
/////
/////

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _22__ day of February, 2006.

```
            s/
```
John P. Cooney
United States Magistrate Judge